ELECTRIC NEWS & MONEY TRANSFER CO. v. PERRY et al.

(Circuit Court, D. Rhode Island. July 30, 1896.)

No. 2,524.

1. FOREIGN CORPORATIONS.
Since Gen. Laws R. I. c. 253, § 36, prohibits a foreign corporation from carrying on business in the state until it has appointed a resident attorney to accept service of process, a foreign corporation which has not appointed such attorney cannot invoke the aid of a court to prevent interference with its business in the state.

2. INJUNCTION—INTERFERENCE WITH STATE AUTHORITIES.
Where the police authorities of a city, acting under the direction of its proper legal adviser, have good reason to believe, upon evidence which they produce, that a person or company is doing a business prohibited by the local law, and act accordingly, a federal court will not interfere by injunction, unless satisfied beyond a reasonable doubt that the business carried on is not in violation of law.

Bill by the Electric News & Money Transfer Company against Oliver H. Perry and others. On motion for preliminary injunction.

Wilson & Jenckes, for complainant.
Jas. L. Jenks, for respondents.

COLT, Circuit Judge. This is a bill in equity for an injunction, brought by the Electric News & Money Transfer Company, a corpora-

tion organized under the laws of the state of New Jersey, against the chief of police and three police constables of the city of Pawtucket, in this district. The bill alleges that the defendants have unlawfully entered upon and taken possession of the complainant's premises in Pawtucket, and have forcibly prevented the complainant from transacting its legitimate business, and have forcibly excluded from the premises all persons desirous of transacting business with it. The bill prays that the defendants may be temporarily and perpetually enjoined from further entering upon and occupying the said premises, and from excluding therefrom persons desirous of transacting business with the complainant. The present hearing was had on motion for a preliminary injunction. Upon this motion affidavits have been presented on both sides, and oral arguments heard.

It is a fundamental rule that a court of equity will not grant the extraordinary relief called for by this motion unless it clearly appears upon the face of the papers that the complainant has a legal standing in court; and, if any serious doubt exist upon this point, the motion should be denied, and the case go over until a full hearing can be had upon the merits. Every state has a right to prescribe the conditions under which a foreign corporation shall be permitted to carry on business within its borders. Section 36 of chapter 253 of the General Laws of Rhode Island provides as follows:

"No corporation, unless incorporated by the general assembly of this state, or under general law of this state, * * * shall carry on within this state the business for which it was incorporated, unless it shall have complied with the following sections of this chapter."

These sections provide for the appointment of a resident attorney to accept service of process. And section 41 declares that:

"No person shall act within this state as agent or officer of any such foreign corporation, unless such corporation shall have appointed an attorney as hereinbefore provided, and every person so acting shall be fined one thousand dollars."

The complainant is a foreign corporation established under the laws of the state of New Jersey. It has not complied with the foregoing statutory provisions of the state of Rhode Island. It has, therefore, no legal right to transact general business, under its charter, within this state, and it follows that it cannot invoke the aid of this court to prohibit the defendants from interfering with a business which it has no legal right to carry on. This, of itself, is a sufficient ground for denying the present motion.

But, assuming that the complainant has complied with the laws of Rhode Island respecting foreign corporations transacting business within its limits, the charge is made that it is carrying on the business of pool-selling, in violation of sections 18 and 27 of chapter 283 of the General Laws. This is the real ground upon which the defendants justify their acts in interfering with the complainant's business. Pool-selling being unlawful, the defendants contend that it was their duty to enter any building where such unlawful practice is carried on or permitted, and to compel all persons to depart therefrom. Gen. Laws R. I. c. 92, § 8; Id. c. 102, §§ 16, 17. If the complainant has not fully met and answered this charge, it is clearly the duty of the court

to deny the summary relief now asked for. Where the police authorities of a city, acting under the direction of its proper legal adviser, have good reason to believe, upon evidence which they produce, that a person or a company is doing a business prohibited by the local law, a federal court, upon a summary hearing of this character, should be satisfied, beyond any reasonable doubt, that the business carried on is not in violation of law, before it will interpose the strong arm of an injunction order. Upon the proofs submitted, the complainant has not satisfactorily answered the charge of pool-selling. The affidavits of the defendants are clear and specific. This proof is sought to be overcome by denials of a general character. If the complainant is not engaged in pool-selling, its officers should meet this charge by a clear and explicit statement to that effect. It is in evidence that the manager and clerk of the complainant have been arrested, adjudged probably guilty, and bound over by the district court for the Tenth district on a charge of violating the law for pool-selling. At this stage of the case the court is not called upon to determine positively the guilt or innocence of the complainant. It is sufficient to say that the complainant has not made out a case so free from doubt as entitles it to the summary relief now prayed for. For these reasons a preliminary injunction is denied. Motion denied.